UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL HIGHWAY ADMINISTRATION, *et al.*,<br><br>　　　　　　Defendants. | Case No. 5:23-cv-00162-BJB-LLK |

## DEFENDANTS' PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(1) AND MOTION TO DISMISS UNDER RULE 12(b)(3), OR IN THE ALTERNATIVE, CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants hereby move to dismiss Kentucky as a Plaintiff for lack of subject matter jurisdiction under Rule 12(b)(1) and to dismiss or transfer the remainder of this action for improper venue under Rule 12(b)(3). In the alternative, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants hereby move for summary judgment on all counts of the Complaint, ECF No. 1. A brief in support of this motion and in opposition to Plaintiffs' motion for summary judgment explains that Defendants are entitled to judgment as a matter of law.[1]

---

[1] At the January 31, 2024 hearing, the Court requested an explanation as to why Defendants intended to file a cross-motion for summary judgment, as opposed to requesting final judgment in Defendants' favor in response to Plaintiffs' motion for summary judgment. Defendants herein move to dismiss, contesting that this Court is a proper venue. *See* Fed. R. Civ. P. 12(h)(1) (dictating that an argument that a court is an improper venue is waived if not made in a motion under Rule 12). Defendants also cross-

DATED: February 23, 2024       Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Branch Director

/s/ *Michael P. Clendenen*
MICHAEL P. CLENDENEN
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone:  (202) 305-0693
E-mail:  michael.p.clendenen@usdoj.gov

*Counsel for Defendants*

---

move, in the alternative, for summary judgment. "Normally, APA cases are resolved on cross-motions for summary judgment . . . ." *Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1245 (E.D. Cal. 2013)); *see also Smirnov v. Clinton*, 806 F. Supp. 2d 1, 21 n.16 (D.D.C. 2011) ("[M]ost APA cases [are resolved] through the consideration of cross motions for summary judgment . . . ."), *aff'd*, 487 F. App'x 582 (D.C. Cir. 2012); *Berry v. Esper*, 322 F. Supp. 3d 88, 90 (D.D.C. 2018) ("Challenges to agency decisions under the APA are properly resolved on motions for summary judgment . . . ."). "[T]he district court may grant summary judgment *sua sponte*" only "if the losing party is put on notice beforehand that it must come forward with all of its evidence." *Chance v. Mahoning Cnty.*, 105 F. App'x 644, 649 (6th Cir. 2004). "[T]he *sua sponte* grant of summary judgment, without giving notice to the parties, is not the preferred method by which to dispose of claims." *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 224 (3d Cir. 2004). For this reason, and out of an abundance of caution, Defendants have filed a cross-motion for summary judgment.

## Certificate of Service

I certify that on February 23, 2024, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which automatically provides notice of filing to all parties.

/s/ *Michael P. Clendenen*
MICHAEL P. CLENDENEN
Trial Attorney
Civil Division, Federal Programs Branch